CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 31 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALLEN RAY DINGESS, | Civil Action No. 7:12cv00630 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| VIRGINIA DEPARTMENT of CORRECTIONS, | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

This is an *in forma pauperis, pro se*, action for damages pursuant to 42 U.S.C. §1983 by plaintiff, Allen Ray Dingess, against the Virginia Department of Corrections claiming that the Department held him at the Norfolk City Jail in early 2005 thirty-six days past his release date. Because the Virginia Department of Corrections is not a "person" subject to suit under §1983 and because Dingess' complaint appears on its face to be well beyond the applicable two-year statute limitations, the court *sua sponte* dismisses pursuant to 28 U.S.C. §1915A.

I.

Dingess' complaint raises a single claim for damages against the Virginia Department of Corrections. According to his complaint, Dingess, who is currently incarcerated with the Virginia Department of Corrections, was held 36 days past his release date in early 2005 on a previous sentence of imprisonment at the Norfolk City Jail, in Norfolk, Virginia (in the Eastern District of Virginia). Dingess states that he did not file a grievance earlier because he just learned that he had been held at the jail past his release date during his previous incarceration. He notes that he believed at the time that he was past his release date but did not pursue it because he did not want to be "accused of making a false allegation."

## II.

28 U.S.C. 1915A directs district courts to screen prisoner complaints against governmental entities or officers or employees of those entities and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Here, Dingess seeks damages from a governmental entity that is immune from the imposition of damages on a claim barred by the statute limitations. Accordingly, the court dismisses the suit without prejudice.

First, the Virginia Department of Corrections has 11th Amendment immunity and is not an entity subject to suit in an action for damages under §1983. Although some entities, such as local governing units, have been deemed suable under §1983, Monell v. Dep'tment of Soc. Servs. of N.Y, 436 U.S. 658, 690 (1978) states are not suable under §1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that states are not suable under §1983 because of the statute's language and because states have Eleventh Amendment immunity). Likewise, states agencies are not suable under §1983, and the Virginia Department of Corrections and its constituent parts have Eleventh Amendment immunity and are not persons for purposes of §1983. Yost v. Young, 892 F.2d 75, 1989 WL 152515, at 1 (4th Cir. Dec. 7, 1989); Rhea v. Va. Dep't. of Corr., 2002 WL31398734, at 1 (W.D. Va. Oct. 23, 2002) ; Haley v. Va. Dept. Of Corr, at 5 (E.D. Va. Feb. 6, 2002). Here, Dingess names only the Virginia Department of Corrections as a defendant.

Second, Dingess' complaint shows that the statute limitations has run on his claim. No federal statute of limitations applies in §1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985) Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury actions in the state where the alleged violations occur. Owens v. Okure,

2

488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under §1983 in Virginia must do so within two years from the time his action accrues. *Id.* The accrual of a cause of action under §1983 for statute of limitations purposes is based on federal law. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). A cause of action under §1983 accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. Here, Dingess' own allegations reveal that he believed in early 2005 that the Department of Corrections was holding him beyond his appropriate release date. Consequently, he possessed sufficient facts about the harm done to him that a reasonable inquiry would have revealed his cause of action. His current suit, therefore, comes nearly 6 years past the applicable two-year statute limitations.[1]

### III.

In accordance with the memorandum opinion entered on this day, the court *sua sponte* dismisses Dingess' complaint without prejudice.

**ENTER:** December 31, 2012.

s/ SAMUEL G. WILSON
UNITED STATES DISTRICT JUDGE

---

[1] As Nasim concluded, in screening an *in forma pauperis* prisoner complaint, a district court may consider a statute limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of that defense. See 64 F.3d at 953-54.

3